George ANDREWS, J.,
delivered the opinion of the Court.
This was an action brought by Peebles against the plaintiffs in error, upon a promissory note made by the latter, bearing date January 1, 1861, and by its terms bearing interest at the rate of ten per cent, per annum. The plaintiff below obtained judgment in the Circuit Court for the amount of the note and interest, and the defendants below appealed in error, to this Court. The defendants filed a special plea, alleging that the note in suit was given in renewal of a former note, and setting forth two former renewals of the same indebtedness^ and that it included a sum allowed for interest on the original loan and its renewals at usurious rates.
The evidence tended to show that the plaintiff, Pee-bles, originally loaned to A. W. Moss, one of the defendants, the sum of $1,000; that the note in suit was made in renewal of a note of Moss, given in 1859; that usurious -interest had, from time to time, been paid on this original loan; and that the note in suit included the sum of $18.15, being a balance of previously accrued interest, but at what rate, or for what time computed, does not appear.
*586 The Circuit Judge, in bis instructions to the jury, .cited the statute of this State, of February 21st, 1860, commonly called the “conventional interest law,” and stated that, “by the terms of the statute, notes might be renewed to bear interest at the rate of ten per cent, per annum, where the consideration had passed before the Act went into effect, provided the original consideration was money actually loaned; and that legal interest which had accrued before that time, might be computed and put into the note, and regarded as loaned money. The note might call for a larger sum than the sum originally loaned, provided it was made up of the sum originally loaned, and legal interest that had accrued thereon; but that if the body of the note embraced usurious interest, or any other consideration than loaned money, or legal interest thereon, and called for ten per cent, on its face, it would be void.”
The statute above referred to, (Acts 1859-60, p. 31,) provides, that parties to loans of money might agree upon any rate of interest on such loans, not exceeding ten per cent, per annum; .but that no more than six per cent, should be received on any contract or obligation other than those made for borrowed money: “Provided, that it may be lawful to renew debts actually created for the loan of money, at the rate of ten per cent, per annum; but nothing in this Act shall be so construed as to authorize any debt or liability not originating for money actually loaned, thus to be renewed; and all efforts, by direct or indirect means, to take and receive a greater rate of interest than six *587 per cent, per annum for any debt, demand or liability, the origin of which is not for money actually loaned, shall be deemed unlawful, and operate as a release of the debtor from the entire amount of such debt, demand, or liability.”
It is insisted for the plaintiffs in error, that the instruction given to the jury, as above stated, was erroneous; that the note in question can be considered as a “renewal,” only as to the one thousand dollars of original principal, and that as to the previously accrued interest included therein, it must be held that it did not represent either a loan or a renewal; that this sum of $13.15, thus included as interest, was a debt due from the defendants, but not a present loan to them, nor a renewal of a previous loan; and that by reason of this excess, the whole note, is void.
We do not accede to these propositions. We are not disposed to stick in the bark of this statute, apd we think that the permission therein given' to “renew” debts created for the loan of money, well authorizes the incorporation into the new security, of previously accrued legal interest. The interest accrued is a part of the debt, within the meaning of the statute, and we think that the entire amount of principal and interest may well be considered as a “debt created for the loan of money.”
In Turner vs. Odum, 3 Cold., 455, it was held that a note executed while the statute above cited was in force, and the consideration of which included an amount of usurious interest previously accrued, was wholly void; but it-was not decided that the same result would fol *588 low from the incorporation into the note of accrued legal interest; and we think that the latter course is unobjectionable.
We think that there was no error in the charge of the Court, and the judgment must he affirmed.